<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| GEORGE F. CUTLER, | : | |
| | : | Civil Action No. 08-36 (RMB) |
| Plaintiff, | : | |
| | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| ATLANTIC COUNTY JUSTICE | : | |
| FACILITY MEDICAL DEPARTMENT | : | |
| and NURSING STAFF, | : | |
| | : | |
| Defendants. | : | |

**APPEARANCES:**

     GEORGE F. CUTLER, Plaintiff <u>pro</u> <u>se</u>
     #144993
     Atlantic County Justice Facility
     5060 Atlantic Avenue
     Mays Landing, New Jersey 08330

**BUMB**, District Judge

     Plaintiff George F. Cutler, currently confined at the

Atlantic County Justice Facility in Mays Landing, New Jersey,

seeks to bring this action <u>in</u> <u>forma</u> <u>pauperis</u> pursuant to 42

U.S.C. § 1983, alleging violations of his constitutional rights.

Based on his affidavit of indigence and the absence of three

qualifying dismissals within 28 U.S.C. § 1915(g), the Court will

grant plaintiff's application to proceed <u>in</u> <u>forma</u> <u>pauperis</u>

pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the

Court to file the Complaint.

At this time, the Court must review the Complaint pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

Plaintiff brings his civil rights action against defendants, the Atlantic County Justice Facility ("ACJF") Medical Department and Nursing Staff.  It appears that plaintiff is a pretrial detainee and has been confined at ACJF since August 26, 2006.  In his Complaint, plaintiff alleges that, on October 17, 2007, he was prescribed medication which caused his face, eyes, ears and throat to swell severely, obstructing his sight and breathing. He also developed a rash on his body in reaction to the prescribed medication.  (Complaint, ¶ 4).  The documents submitted with the Complaint indicate that plaintiff received immediate attention when he developed an allergic reaction. However, plaintiff complains that he still has residual effects from this adverse reaction to the medication.  He seeks an unspecified amount in punitive damages from the defendants, and asks that a monitoring system be set up so that this type of incident does not recur.

2

II.  <u>STANDARDS FOR A SUA SPONTE DISMISSAL</u>

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding <u>in forma pauperis</u> or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to <u>sua sponte</u> dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

In determining the sufficiency of a <u>pro se</u> complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>United States v. Day</u>, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  <u>Morse v. Lower Merion School Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a <u>pro se</u> plaintiff's "bald assertions" or "legal conclusions."  <u>Id.</u>

A complaint is frivolous if it "lacks an arguable basis either in law or in fact."  <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989) (interpreting the predecessor of § 1915(e)(2), the

former § 1915(d)).  The standard for evaluating whether a complaint is "frivolous" is an objective one.  <u>Deutsch v. United States</u>, 67 F.3d 1080, 1086-87 (3d Cir. 1995).

A <u>pro</u> <u>se</u> complaint may be dismissed for failure to state a claim only if it appears "'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines</u>, 404 U.S. at 521 (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)); <u>Milhouse v. Carlson</u>, 652 F.2d 371, 373 (3d Cir. 1981).  However, where a complaint can be remedied by an amendment, a district court may not dismiss the complaint with prejudice, but must permit the amendment.  <u>Denton v. Hernandez</u>, 504 U.S. 25, 34 (1992); <u>Alston v. Parker</u>, 363 F.3d 229 (3d Cir. 2004)(complaint that satisfied notice pleading requirement that it contain short, plain statement of the claim but lacked sufficient detail to function as a guide to discovery was not required to be dismissed for failure to state a claim; district court should permit a curative amendment before dismissing a complaint, unless an amendment would be futile or inequitable); <u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002) (dismissal pursuant to 28 U.S.C. § 1915(e)(2)); <u>Shane v. Fauver</u>, 213 F.3d 113, 116-17 (3d Cir. 2000) (dismissal pursuant to 42 U.S.C. § 1997e(c)(1)); <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451, 453 (3d Cir. 1996).

III.  <u>SECTION 1983 ACTIONS</u>

Plaintiff brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights guaranteed under the United States Constitution.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law.  <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988); <u>Piecknick v. Pennsylvania</u>, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, any claim asserted against the Atlantic County Justice Facility is subject to dismissal because jail facilities are not "persons" for purposes of § 1983 liability.  <u>See</u> <u>Grabow v. Southern State Correctional Facility</u>, 726 F. Supp. 537, 538-39 (D.N.J. 1989); <u>Mitchell v. Chester County Farms Prison</u>, 426 F. Supp. 271, 274 (D.C. Pa. 1976).  Accordingly, the Complaint will

be dismissed in its entirety against this defendant pursuant to
28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).

The Court now turns to address the claims as asserted
against the remaining defendant, the Medical Department and the
Nursing Staff at ACJF.

## IV.  ANALYSIS

It appears that plaintiff may be a pretrial detainee
confined at ACJF at the time of the alleged incidents and
presently.  As a pretrial detainee, plaintiff's constitutional
claims concerning the conditions of his confinement are
considered under the due process clause (of the Fourteenth
Amendment) instead of the Eighth Amendment.  See City of Revere
v. Massachusetts General Hospital, 463 U.S. 239, 243-45 (1983);
Hubbard v. Taylor, 399 F.3d 150, 158 (3d Cir. 2005); Fuentes v.
Wagner, 206 F.3d 335, 341 n.9 (3d Cir. 2000); Monmouth County
Correctional Institutional Inmates v. Lanzaro, 834 F.2d 326, 346
n.31 (3d Cir. 1987), cert. denied, 486 U.S. 1006 (1988).  See
also Edwards v. Johnson, 209 F.3d 772, 778 (5th Cir. 2000)(citing
Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979)); Despaigne v.
Crolew, 89 F. Supp.2d 582, 585 (E.D.Pa. 2000) and Montgomery v.
Ray, 145 Fed. Appx. 738, 740, 2005 WL 1995084 (3d Cir.
2005)(unpubl.)("the proper standard for examining such claims is
the standard set forth in Bell v. Wolfish, ...; i.e. whether the
conditions of confinement (or here, inadequate medical treatment)

6

amounted to punishment prior to adjudication of  guilt....")
(citing Hubbard, 399 F.3d at 158).

In Hubbard, the Third Circuit clarified that the Eighth
Amendment standard only acts as a floor for due process inquiries
into medical and non-medical conditions of pretrial detainees.
399 F.3d at 165-67.  Pretrial detainees retain at least those
constitutional rights enjoyed by convicted prisoners with respect
to the conditions of their confinement.  Bell v. Wolfish, 441
U.S. 520, 545 (1979); Hubbard, 399 F.3d at 165-66; Natale v.
Camden County Correctional Facility, 318 F.3d 575, 581-82 (3d
Cir. 2003).

Here, plaintiff alleges that he had an adverse reaction to a
medication prescribed to him by the defendants.  However, after
the symptoms began to appear, plaintiff did receive immediate
medical attention and was given a shot to counteract the adverse
allergic reaction.  Plaintiff does not allege any permanent
disabilities or injuries from this incident, although he does
state that he has some residual side effects.  He does not allege
that defendants have denied treatment in any way.  Rather, he
appears only to assert negligence on the part of defendants in
not monitoring his reaction to the prescription.

Accepting these allegations as true for purposes of
screening pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, this
Court finds that there was no denial of medical treatment that
was so excessive in relation to any stated purpose of jail

7

security and administration, which would infer that such denial
was intended as punishment.  See Hubbard, 399 F.3d at 158-63;
Newkirk v. Sheers, 834 F. Supp. 772, 781 (E.D.Pa. 1993).
Plaintiff has been provided medical care for his requested needs,
although the treatment has not met his personal satisfaction.
There are no allegations to suggest that treatment has been
denied completely.  Plaintiff has not demonstrated any serious
medical need that has been purposefully or willfully ignored by
defendant.  At best, plaintiff may be alleging a state law tort
claim of medical negligence against the medical staff at ACJF,
which is not cognizable in a § 1983 action.  See Estelle v.
Gamble, 429 U.S. 97, 105-06 (1976)(allegations of negligent
treatment are medical malpractice or medical negligence claims,
and do not trigger constitutional protections).  Therefore, this
claim alleging denial of medical care will be dismissed for
failure to state a claim at this time.

    Moreover, this Court finds that no diversity jurisdiction
exists in this matter if plaintiff's medical claim was construed
as simple negligence or medical malpractice under state law.
Plaintiff can bring such common law claims in federal district
court pursuant to 28 U.S.C. § 1332(a), if the matter in
controversy exceeds the sum or value of $75,000, and is between
citizens of different states.  It has long been recognized that,
to found jurisdiction upon § 1332, there must be complete
diversity among all parties, i.e., each plaintiff must be a

8

citizen of a different state from <u>each</u> defendant.  <u>Owen Equipment</u> <u>and Erection Co. V. Kroger</u>, 437 U.S. 365 (1978).  In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction.  <u>Id</u>.

Here, there does not appear to be diversity of jurisdiction between the plaintiff and the defendant medical employees at ACJF.  Plaintiff is currently confined in the ACJF in New Jersey, and the defendants are employed at ACJF in New Jersey where the incident occurred.[1]  These facts suggest that the defendants likely reside in the State of New Jersey.  Therefore, because complete diversity appears to be lacking, the Court has no subject matter jurisdiction over any state law claim that may be construed from the Complaint against this defendant, pursuant to 28 U.S.C. § 1332(a).  Plaintiff may seek to reopen this case if he can show facts to support diversity jurisdiction.

---

[1]  Plaintiff does not provide the domicile or residence of the defendants, except to note that they are employed at ACJF in New Jersey.

V.  <u>CONCLUSION</u>

Therefore, for the reasons set forth above, the Complaint will be dismissed in its entirety, as against all defendants, for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1).  An appropriate order follows.


<u>s/Renée Marie Bumb</u>
RENÉE MARIE BUMB
United States District Judge

Dated: <u>February 29, 2008</u>

10